# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

AANIYA CLAY,

      Plaintiff(s),

v.

DISCOVER BANK, et al.,

      Defendant(s).

Case No. 2:25-cv-00179-APG-NJK

**Order**

[Docket Nos. 32, 33]

Pending before the Court is Plaintiff's motion for entry of default. Docket No. 32.[1] Defendant Discover Bank filed a response in opposition. Docket No. 34. Plaintiff filed a reply. Docket No. 37. Also pending before the Court is Plaintiff's motion to strike. Docket No. 33. Discover filed a response in opposition. Docket No. 35. Plaintiff filed a reply. Docket No. 38. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motions are both **DENIED**.

## I.    BACKGROUND

This is a Fair Credit Reporting Act case against several defendants. On February 19, 2025, Plaintiff and Discover filed a second joint motion to extend Discover's answer deadline. Docket No. 22. The Court granted that second request and extended the deadline to February 26, 2025, with the caveat that no further extensions of this deadline would be allowed. Docket No. 24 at 2. Despite that warning, Plaintiff and Discover jointly moved to extend the answer deadline again, filing their request after hours on the deadline, February 26, 2025. Docket No. 25. On February 28, 2025, consistent with its prior warning, the Court denied that joint motion. Docket No. 26. On March 3, 2025, Discover filed its answer. On March 4, 2025, Plaintiff filed the instant motions

---

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1   for default and to strike the answer.  Docket Nos. 32, 33.  Those are the motions currently before

2   the Court.

3   **II.      MOTION FOR DEFAULT**

4        The Court may enter default against a party that has "failed to plead or otherwise defend."

5   Fed. R. Civ. P. 55(a).  This rule "applies only to parties who have never appeared in the action."

6   *Randazza v. Cox*, 2014 WL 12789624, at *1 (D. Nev. Mar. 7, 2014) (quoting *Direct Mail*

7   *Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 689 (9th Cir. 1988)).  In this

8   case, Discover has filed an answer, Docket No. 27, and that answer was filed before the motion

9   for default was filed.  As such, Discover has not "failed to plead or otherwise defend" and entry

10   of default is not warranted.  *See, e.g.*, *Jennings v. Cnty. of Riverside*, 2022 WL 19829433, at *1

11   (C.D. Cal. Oct. 31, 2022).

12   **III.     MOTION TO STRIKE**

13        The Court may strike from pleadings material that is "redundant, immaterial, impertinent,

14   or scandalous."  Fed. R. Civ. P. 12(f).  "Untimeliness" is not an enumerated ground in Rule 12(f)

15   on which to strike material from a pleading, so it is not clear that Rule 12(f) provides a foundation

16   on which Plaintiff may seek this relief.  *Cf. Business Guides, Inc. v. Chromatic Comm's Enters.,*

17   *Inc.*, 498 U.S. 533, 540 (1991).  At any rate, courts routinely find "that the untimeliness of an

18   answer is not, by itself, a sufficient basis to grant a motion to strike."  *Banks v. TransUnion*, 2024

19   WL 402661, at *10 (D. Nev. Feb. 1, 2024) (collecting cases).  Particularly in light of the strong

20   preference for deciding cases on their merits and the fact that the answer was filed only a few days

21   late, the Court declines to strike Discover's answer.

22   **IV.      CONCLUSION**

23        For the reasons discussed above, Plaintiff's motion for entry of default and motion to strike

24   are both **DENIED**.

25        IT IS SO ORDERED.

26        Dated: April 7, 2025

27

28                                        Nancy J. Koppe
                                           United States Magistrate Judge