# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| AANIYAH CLAY,<br><br>       Plaintiff(s),<br><br>v.<br><br>DISCOVER BANK, et al.,<br><br>       Defendant(s). | Case No. 2:25-cv-00179-APG-NJK<br><br>**Order**<br><br>[Docket No. 43] |

Pending before the Court is Defendant Trans Union's motion to stay discovery pending resolution of its motion for judgment on the pleadings. Docket No. 43. For the reasons discussed below, the motion to stay discovery is **DENIED** without prejudice.

The pending motion is framed as seeking to stay "proceedings" and relies on case law addressed to the Court's inherent authority. *See* Docket No. 43 at 2 (legal standard section). The Court entered a scheduling order one week ago. Docket No. 40. Given the procedural posture and the relief sought, the motion actually seeks to stay discovery rather than to stay all proceedings. *See, e.g.*, Docket No. 43 at 1 (arguing that the parties "should not be forced to expend time, energy, and resources on discovery"). Indeed, as discussed below, the case law in the argument section is specific to staying discovery. Because a motion to stay discovery is governed by a particular rule (Fed. R. Civ. P. 26(c)), the Court declines to analyze the issue through the lens of inherent authority. *See, e.g.*, *Flynn v. Nev.*, 345 F.R.D. 338, 342 & n.3 (D. Nev. 2024).

For nearly four decades, judges in this District have analyzed a motion to stay discovery under the preliminary peek framework. *See id.* at 343-346 (discussing cases). The argument section of Defendant's motion relies on new case law abandoning the preliminary peek framework. *See* Docket No. 43 at 2 (citing *Gibson v. MGM Resorts Int'l*, 2023 WL 4455726, at *4 (D. Nev. July 11, 2023); *Babystacks Cafe, LLC v. Uber Techs., Inc.*, 2025 WL 509250, at *2 (D. Nev. Feb. 14, 2025)). Notwithstanding such decisions, the majority of magistrate judges in this District

continue to follow the preliminary peek framework.  *See, e.g.*, *Burrows v. State Farm Mut. Auto. Ins. Co.*, 2025 WL 959504, at *1 (D. Nev. Mar. 31, 2025) (collecting cases).  Moreover, the undersigned has clearly and unequivocally rejected the minority so-called "good cause" test[1] as both legally untenable and counter to numerous policy considerations.  *See Flynn,* 345 F.R.D. at 347-51.

Accordingly, the pending motion to stay discovery is **DENIED** without prejudice.  Any renewed request to stay discovery must address the governing preliminary peek framework.  *See, e.g., id.* at 352.[2]

IT IS SO ORDERED.

Dated: April 9, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The "good cause" test is a misnomer, as the preliminary peek framework is itself also an application of the good cause requirement pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.  *See Flynn*, 345 F.R.D. at 346 n.13.

[2] The Court expresses no opinion herein on whether that test can be met in the circumstances of this case.