UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AANIYAH CLAY,<br><br>                          Plaintiff(s),<br>     v.<br>DISCOVER BANK, et al.,<br><br>                          Defendant(s). | Case No.2:25-CV-179 JCM (NJK)<br><br>ORDER |

      Presently before the court is defendant Trans Union LLC's motion for judgment on the pleadings. (ECF No. 42). Plaintiff Aaniyah Clay filed a response (ECF No. 46), to which defendant replied (ECF No. 49).

**I.    Background**

The instant action arises from a dispute under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and NRS § 598C.160. Plaintiff brought this case against several credit reporting agencies, including defendant Trans Union LLC.

Plaintiff had a credit account with Discover Bank that was closed as of October 31, 2022. (ECF No. 1 ¶ 19). Discover Bank filed a 1099-C with the Internal Revenue Service for tax year 2022, indicating it is no longer attempting to collect the remaining alleged debt. (*Id.* ¶20). When plaintiff pulled her credit reports in April 2024, she discovered what she believed to be inaccuracies in the report. (*Id.* ¶ 21).

Plaintiff states that she initiated a dispute with Trans Union in October 2024 regarding the alleged inaccuracies. (*Id.* ¶ 39). She claims that the reported information should reflect 120, 150, and 180 days, rather than 120. (*Id.* ¶ 40). Trans Union responded in late November, stating that it had updated the account. However plaintiff claims that the information was still inaccurate a few

weeks later. (*Id.* ¶ 41).

She sued Discover Bank and credit reporting agencies including Trans Union in state court, claiming violations of various provisions of the FCRA. Discover Bank removed the case to federal court. After answering the complaint, (ECF No. 15), Trans Union LLC brought the present motion for judgment on the pleadings. (ECF No. 42).

## II.     Legal Standard

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is proper if "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Gregg v. Hawaii, Dep't of Pub. Safety,* 870 F.3d 883, 887 (9th Cir. 2017) (citation and internal quotation marks omitted). A Rule 12(c) motion is "functionally identical to a Rule 12(b)(6) motion." *Id*. That is, the court "accept[s] all factual allegations in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Fleming v. Pickard,* 581 F.3d 922, 925 (9th Cir. 2009) (citation omitted). However, to proceed, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citation and quotation omitted).

The court typically may not consider material beyond the pleadings to adjudicate a 12(c) motion. *See* Fed. R. Civ. P. 12(d). But the court can consider exhibits attached to the complaint or matters properly subject to judicial notice under Federal Rule of Evidence 201. *Khoja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 1002 (9th Cir. 2018). The court can also consider documents whose contents are merely alleged in a complaint and whose authenticity no party questions under the incorporation by reference doctrine. *Northstar Fin. Advisors Inc. v. Schwab Invs.,* 779 F.3d 1036, 1043 (9th Cir. 2015); *United States v. Ritchie,* 342 F.3d 903, 907–08 (9th Cir. 2003) (holding that district courts can consider a document incorporated by reference "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim").

Courts have discretion to grant leave to amend in conjunction with 12(c) motions. *Carmen v. San Francisco Unified Sch. Dist.,* 982 F. Supp. 1396, 1401 (N.D. Cal. 1997), *aff'd*, 237 F.3d 1026 (9th Cir. 2001) (citation omitted). Under Rule 15(a), the court should "freely" grant leave to

amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

**III.    Discussion**

"Congress enacted the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681x, in 1970 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153 (9th Cir. 2009) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007)). "As an important means to this end, the Act sought to make 'consumer reporting agencies exercise their grave responsibilities [in assembling and evaluating consumers' credit, and disseminating information about consumers' credit] with fairness, impartiality, and a respect for the consumer's right to privacy.'" *Id.* (alteration in original) (quoting 15 U.S.C. § 1681(a)(4)). Plaintiff asserts the following claims against Trans Union:

- 15 U.S.C. § 1681e(b) (first claim for relief)
- 15 U.S.C. § 1681i(a)(2) (second claim relief)
- 15 U.S.C. § 1681i(a)(4) (third claim for relief)
- 15 U.S.C. § 1681i(a)(5) (fourth claim for relief)
- 15 U.S.C. § 1681i(a)(7) (fifth claim for relief)
- 15 U.S.C. § 1681i(a)(1)(A) (sixth claim for relief0
- 15 U.S.C. § 1681g(a)(1) (seventh claim for relief)
- NRS § 598C.160 (eighth claim for relief)

A.    <u>15 U.S.C. § 1681(e)(b)</u>

Under § 1681e(b) of the FCRA, a consumer reporting agency must "follow reasonable procedures to assure the maximum possible accuracy of the information concerning the individual about whom the report relates." 15 USC § 1681e(b).

. . .

Liability under § 1681e(b) "is predicated on the reasonableness of the credit reporting agency's procedures in obtaining credit information." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). To bring a § 1681e claim, the "consumer must present evidence tending to show that a [CRA] prepared a report containing inaccurate information." *Id.* Accordingly, the consumer must "first make a prima facie showing of inaccurate reporting by the CRA." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (internal citations omitted).

"Inaccurate" for the purposes of FCRA means information that is either "patently incorrect" or is "misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions." *Id.* Once the consumer has made a prima facie showing of inaccuracy, he or she must next show that the consumer reporting agency failed to follow reasonable procedures to assure the maximum possible accuracy of the information. 15 U.S.C. § 1681e(b).

Viewing the report as a whole, the court finds that it is not patently misleading. *See Settles v. Trans Union LLC*, No. 3:20-cv-00084, 2020 WL 6900302, *4 (M.D. Tenn. Nov. 24, 2020) ("In evaluating whether reported account information is materially misleading, courts assess the alleged inaccuracy in the context of the report as a whole.").

Plaintiff claims that her Trans Union credit report is inaccurate because it should reflect 120, 150, and 180 days of late payments, rather than 120 days.[1] This argument is unpersuasive. It is common practice for CRAs to demarcate delinquencies of 120 days or longer using the "120" symbol. *See Dye v. TransUnion, LLC*, 2:13-cv-01094-RCJ-VCF, 2013 U.S. Dist. LEXIS 148834, at *7 (D. Nev. Oct. 15, 2013). Indeed, providing more specific delinquency date would be more likely to "adversely affect credit decisions" than Trans Union's state practice of leaving it at 120 days. *See Shaw*, 891 F.3d at 756.

Plaintiff also argues that the balance reported by Trans Union was inaccurate because Discover allegedly "cancelled" her debt. (ECF No. 1 ¶ 40). This argument fails as a matter of law.[2]

---

[1] Plaintiff does not allege that she was not 120 days or more delinquent.

[2] Plaintiff does not address either of these arguments in her response.

Whether Discover cancelled her debt is a legal dispute as between Discover and plaintiff, and not a factual inaccuracy for which Trans Union could be liable. *See Humphrey v. Trans Union LLC*, 759 F. App'x 484, 488 (7th Cir. 2019); *Khankin v. JLR San Jose, LLC*, 720 F. Supp. 816, 829 (N.D. Cal. 2024); *see also Reyes v. Equifax Info. Servs.*, LLC, No. 4:21-cv-639-SDJ, 2024 WL 1308000, 2024 U.S. Dist. LEXIS 55027, at *4 (E.D. Tex. Mar. 27, 2024) (holding that an alleged inaccuracy based on validity of a debt is insufficient because "CRAs are not a tribunal sitting to resolve legal disputes").

It is not the job of credit reporting agencies to adjudicate the validity of reported debt. *See e.g., Chuluunbat v. Experian Info Sols., Inc.*, 4 F.4th 562, 568 (7th Cir. 2021) (explaining that CRAs are capable of making factual determinations, but not reaching legal conclusions) (citing *Denan v. Trans Union LLC*, 959 F.3d 290, 295 (7th Cir. 2020)). Plaintiff claims that the reported balance should be $0.00 rather than $898.00 because Discover submitted at 1099-C supposedly "cancelling" her debt. (ECF No. 1 ¶ 40). Investigating the validity of this claim would necessarily require a legal analysis by Trans Union, which is outside its purview. *See Johnson v. Branch Banking & Trust Co.*, 2018 U.S. Dist. LEXIS 159633, *5 (W.D. Ky. Sept. 18, 2018). Because plaintiff fails to plead a prima facie case of inaccuracy, the court does not consider the reasonableness of Trans Union's procedures, and her § 1681e claim fails. *See Shaw*, 891 F.3d at 756.

### B. 15 U.S.C. § 1681i(a)(1)(A) and NRS 598C.160

Section 1681i(a)(1)(A) provides the scope of reinvestigation required when consumers dispute the accuracy of the reported information. *Shaw v. Experian Info. Sols. Inc.*, 891 F.3d at 755. Under § 1681i(a)1(A),

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a [CRA] is disputed by the consumer and the consumer notifies the agency directly . . . of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine   whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file . . . before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer . . . .

As with § 1681e claims, a consumer must first "make a prima facie showing inaccurate reporting" by the CRA. *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 890 (9th Cir. 2010). Plaintiff did not allege sufficient facts to support such a showing, *see supra* Section III.A. Likewise, her allegations that Trans Union's reinvestigation efforts were unreasonable are conclusory and insufficient. (ECF No. 1 ¶ 43).

Nevada Revised Statutes § 598C.160 is nearly identical to the language in § 1681i and imposes the same obligations regarding a statement of dispute and reinvestigation. *Wilson v. Equifax Info. Servs.*, 2:19-cv-00055-RFB-NJK, 2020 U.S. Dist. LEXIS 92661, at *15 (May 27, 2020). Accordingly, plaintiff fails to state a claim for relief under § 1681i or NRS § 598.160.

C.  Remaining § 1681i Claims

Plaintiff also alleges piecemeal violations of § 1681i(a)(4), (5), and (7). Each fails for the reasons stated below.

In her claim for relief under § 1681i(a)(2), plaintiff claims that Trans Union "failed to consider and forward all relevant information to the furnisher of information." (ECF No. 1 ¶ 62). Not only is this simply a recitation of the law, but plaintiff does not state what information was *not* considered or was *not* relevant. An attempt to construe the allegation it in the light most favorable to the plaintiff requires reliance on plaintiff's argument of inaccuracy, which the court has already addressed as insufficiently pled.

As to (a)(4), plaintiff states that Trans Union would be liable if it "fail[ed] to delete information that was inaccurate or could not be verified." (ECF No. 1 ¶ 68). As discussed *supra*, she has not made out a prima facie case of inaccuracy, and this claim fails.

Likewise, her claim under § 1681i(a)(5) claim also fails due to her failure to sufficiently plead inaccuracy. Additionally, plaintiff's claim that Trans Union "fail[ed] to have a procedure to prevent the reoccurrence of inaccurate or unverified information" is unsupported by any allegation that Trans Union deleted or reinserted information. (ECF No. 1 ¶ 74); *see* 1681i(a)(5)(C) ("A consumer reporting agency shall maintain reasonable procedures designed to prevent the reappearance in a consumer's file…. of information that is deleted[.]").

. . .

Plaintiff's 1681i(a)(7) claim also cannot survive this motion. Under § 1681i(a)(7), upon a consumer's request, a consumer reporting agency must provide a description of its reinvestigation procedures. Plaintiff fails to plead this claim because she does not allege that she requested Trans Union to provide its reinvestigation procedures or that it failed to fulfill such a request. (ECF No. 1 ¶ 80).

### D.  15 U.S.C. § 1681g(a)(1)

Finally, plaintiff contends that Trans Union "failed to provide all information in the consumer's file at the time of request." (ECF No. 1 ¶ 92). Pursuant to 15 U.S.C. § 1681(g), a consumer reporting agency shall, upon a consumer's request, clearly and accurately disclose "all information in the consumer's file at the time of the request" subject to certain exceptions. Defendant incorrectly states that plaintiff failed to allege requested disclosure or that Trans Union failed to provide disclosure. (ECF No. 42 at 14). In her complaint, plaintiff claims that she "repeatedly asked for her full file disclosure from…Trans Union to ensure if all information is reporting accurately and has been refused this documentation." (ECF No. 1 ¶ 53). Accordingly, the motion is DENIED as to this claim.

### E.  Leave to Amend

It would be futile to grant leave to amend as to plaintiff's claims for relief under her first, second, third, fourth, sixth, and eighth claims for relief. She can correct her error as to her fifth claim for relief under § 1681i(a)(7), as it is a mere insufficient pleading of fact. Accordingly, the court will grant leave to amend only as to § 1681i(a)(7).

## IV.  Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion for judgment on the pleadings (ECF No. 42) be, and the same hereby is, GRANTED in part, and DENIED in part.

- The motion is GRANTED *with prejudice* as to the first, second, third, fourth, sixth, and eighth claims for relief.
- The motion is GRANTED *without prejudice* as to the fifth claim for relief.

1         •    The motion is DENIED as to the seventh claim for relief.

Plaintiff has 21 days to file a motion for leave to amend addressing the deficiency in her pleading as to § 15 U.S.C. § 1681i(a)(7). The motion must explain what corrections were made and attach the proposed second amended complaint. The proposed complaint should also reflect the status of the remaining claims.

DATED November 4, 2025.

_____
UNITED STATES DISTRICT JUDGE