**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Aaniyah Clay, | Case No. 2:25-cv-00179-JCM-NJK |
| Plaintiff(s), | |
| | **Order** |
| v. | [Docket Nos. 93-95, 97] |
| Trans Union LLC, | |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion to disqualify opposing counsel, which was filed in triplicate. Docket Nos. 93-95. Defendant Trans Union filed a response in opposition. Docket No. 96. No reply was filed. Also pending before the Court is Plaintiff's motion to stay discovery. Docket No. 97. The Court does not require a response.

Nevada courts[1] recognize "the importance of allowing parties to be represented by the counsel of their choice." *Imperial Credit v. Eighth Jud. Dist. Ct.*, 331 P.3d 862, 865 (Nev. 2014). Nevada courts also recognize the corollary that motions to disqualify counsel may be misused as instruments of delay, harassment, and improper tactical maneuvering. *See Nevada Yellow Cab Corp. v. Eighth Jud. Dist. Ct.*, 152 P.3d 737, 743 (Nev. 2007) (quoting *Brown v. Eighth Jud. Dist. Ct.*, 14 P.3d 1266, 1270 (Nev. 2000)); *see also Richardson-Merrell, Inc. v. Koller*, 472 U.S. 424, 436 (1985). "Because of this potential for abuse, disqualification motions should be subjected to particularly strict judicial scrutiny." *Optyl Eyewear Fashion Int'l Corp. v. Style Cos., Ltd.*, 760 F.2d 1045, 1050 (9th Cir. 1985) (internal quotations and citations omitted). "Disqualification is a

---

[1] Federal courts apply state law to decide whether to disqualify a lawyer. *In re Cnty. of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000). If the Nevada Supreme Court has not addressed a particular issue pertinent to the pending motion, the Court must predict how it would rule using as guides intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements. *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 583 F.3d 1232, 1237 (9th Cir. 2009).

1

drastic measure which courts should hesitate to impose except when absolutely necessary." *Hernandez v. Guglielmo*, 796 F. Supp. 2d 1285, 1289-90 (D. Nev. 2011).

"Where there exists (1) a clear violation of the professional rules of conduct, (2) which affects the public view of the judicial system or the integrity of the court, and (3) which is serious enough to outweigh the parties' interests in counsel of their choice, a court may disqualify an attorney from representing a party." *Kalinauskas v. Wong*, 808 F. Supp. 1469, 1472 (D. Nev. 1992). "To prevail on a motion to disqualify opposing counsel, the moving party must first establish at least a reasonable possibility that some specifically identifiable impropriety did in fact occur, and then must also establish that the likelihood of public suspicion or obloquy outweighs the social interests which will be served by a lawyer's continued participation in a particular case." *Brown*, 14 P.3d at 1205. "The party seeking disqualification bears the burden of proof." *Lindstrom v. Nev. State Militia (Nev. Nat'l Guard)*, No. 3:24-cv-001520-ART-CDS, 2024 WL 5047489, at *1 (D. Nev. Aug. 27, 2024).

Plaintiff has not meet her burden to support disqualification of opposing counsel. On April 7, 2026, the Court issued a referral to the state bar upon a likelihood that the out-of-state attorneys with QSLWM are engaged in the unauthorized practice of law in Nevada and that local attorney Brown is assisting in the unauthorized practice of law. Docket No. 91. Whether discipline arises from that referral is a matter for the state bar to decide, but it would seem that a finding of misconduct by the state bar would presumably result in a reprimand or admonishment. *Cf. in re Discipline of Lerner*, 197 P.3d 1067, 1078 (Nev. 2008) (noting series of private reprimand followed by a public reprimand as the appropriate discipline). Moreover, new counsel who is barred in Nevada has now appeared for QSLWM to litigate the case moving forward, *see* Docket No. 92, and Plaintiff fails to explain in meaningful fashion how the continued participation by this new counsel would raise public suspicion or obloquy given that he is barred in Nevada.[2] The Court agrees with Trans Union that the appearance by new counsel militates strongly against disqualification here. *See* Docket No. 96 at 4.

---

[2] Plaintiff characterizes the appearance of a Nevada-barred attorney as "troubling," but the Court does not elaborate on that logic. *See* Docket No. 93 at 4.

Accordingly, the Court **DENIES** Plaintiff's motion to disqualify counsel. Docket Nos. 93-95. The Court further **DENIES** as moot Plaintiff's motion to stay discovery. Docket No. 97. The parties would be well-advised to refocus their attention back to completing discovery and litigating the merits of this case.

IT IS SO ORDERED.

Dated: May 12, 2026

_____
Nancy J. Koppe
United States Magistrate Judge

3