Leoncio A. Gil, III
Nevada State Bar No. 13129
leon.gil@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
5801 Tennyson Pkwy., Suite 440
Plano, Texas 75024
Telephone: (214) 560-5458
Fax: (214) 871-2111
*Counsel for Trans Union LLC*

**\*\*Designated Attorney for Personal Service\*\***
Sarai L. Brown
Nevada Bar No. 11067
sbrown@skanemills.com
SKANE MILLS LLP
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
Telephone: (702) 363-2535
Fax: (702) 363-2534

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| AANIYAH CLAY,<br><br>                     Plaintiff,<br><br>v.<br><br>DISCOVER BANK, TRANS UNION LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and EQUIFAX INFORMATION SERVICES LLC,<br><br>                     Defendants. | Case No. 2:25-cv-00179-JCM-NJK<br><br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff Aaniyah Clay ("Plaintiff") and Defendant Trans Union LLC ("Trans Union") (collectively, the "Parties") through their respective attorneys of record, have agreed to and have submitted to the Court, and for good cause shown the Court hereby enters the following Protective Order:

10113722.3                                                                                           1

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, development, technology, or other proprietary information belonging to Trans Union, and/or personal income, credit, and other confidential information of Plaintiff:

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms (hereinafter "Order"):

1.    This Order shall govern the use, handling, and disclosure of all documents, testimony, or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2.    Any party or non-party producing ~~or filing~~ documents or other materials in this action (the "Producing Party") may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3.    ~~To the extent any motions, briefs, pleadings, deposition transcripts, or other papers Court incorporate documents or information subject to this Order, the party all designate such materials, or portions thereof, as "Confidential" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Any party filing any document under seal must comply with the requirements of the relevant Civil Local Rules.~~

See order issued concurrently herewith

4.    All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony given in a deposition, declaration, or otherwise, that refers, reflects, or otherwise discusses any information designated "Confidential" hereunder), shall not be used, directly or indirectly, by any person, for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation for and trial of this action in accordance with the provisions of this Order.

5.    Except with the prior written consent of the individual or entity designating a document or portions of a document as "Confidential," or pursuant to prior Order after notice, any document, transcript, or pleading given "Confidential" treatment under this Order, and any

10113722.3                                                                 2

information contained in or derived from any such materials (including but not limited to, all deposition testimony that refers to, reflects, or otherwise discusses any information designated "Confidential" hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained outside counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the Producing Party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

6.     Documents produced pursuant to this Order shall not be made available to any person designated in Subparagraph 5(f) unless he or she shall have first read this Order, agreed to be bound by its terms, and signed the attached "Declaration of Compliance" (Exhibit A).

7.     All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information, or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

8.     If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

10113722.3                                                                                                  3

9. If a receiving party learns that, by inadvertence or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the Producing Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the protected material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Declaration of Compliance" (Exhibit A).

10. When the Producing Party gives notice to a receiving party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

11. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential".

12. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

13. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries, or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the Producing Party or destroy such material.

14. In the event that any party to this litigation disagrees at any point in these proceedings with any designation made under this Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis in accordance with the relevant Civil Local Rules. If the Parties cannot resolve a challenge without court intervention, the designating party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent

10113722.3

4

declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the designating party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. The burden of persuasion in any such challenge proceeding shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. Unless the designating party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the designating party designation until the court rules on the challenge.

15.    Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Order.

16.    The Court retains the right to allow disclosure of any subject covered by this stipulation or to modify this stipulation at any time in the interest of justice.

*SIGNATURES ON FOLLOWING PAGE.*

10113722.3

5

*/s/ Leoncio A. Gil, III*

Leoncio A. Gil, III
Nevada State Bar No. 13129
leon.gil@qslwm.com
QUILLING, SELANDER, LOWNDS,
WINSLETT & MOSER, P.C.
5801 Tennyson Parkway, Suite 440
Plano, Texas 75024
Telephone: (214) 560-5458
Fax: (214) 871-2111
 *and*
Sarai L. Brown
(*Designated Local Counsel*)
Nevada Bar No. 11067
sbrown@skanemills.com
SKANE MILLS LLP
1120 Town Center Drive, Suite 200
Las Vegas, Nevada 89144
Telephone: (702) 363-2535
Fax: (702) 363-2534
**Counsel for Defendant**
**Trans Union LLC**

*/s/ Aaniyah Clay (with permission)*

Aaniyah Clay
Aaniyahclayblue@gmail.com
9004 In Vogue Ct
Las Vegas, NV 89149
**Plaintiff Pro Se**

The Court **GRANTS** the amended joint motion (Docket No. 102) and **DENIES** as moot the earlier joint motion (Docket No. 101).

IT IS SO ORDERED:

_____
United States Magistrate Judge

DATED: _June 4, 2026_____

10113722.3

6

# EXHIBIT A – DECLARATION OF COMPLIANCE

**DECLARATION OF COMPLIANCE**

I, _____, declare as follows:

1.      My address is _____.

2.      My present employer is _____.

3.      My present occupation or job description is _____.

4.      I have received a copy of the Stipulated Protective Order entered in this action on _____, 20____.

5.      I have carefully read and understand the provisions of this Stipulated Protective Order.

6.      I will comply with all provisions of this Stipulated Protective Order.

7.      I will hold in confidence and will not disclose to anyone not qualified under the Stipulated Protective Order, any information, documents, or other materials produced subject to this Stipulated Protective Order.

8.      I will use such information, documents, or other materials produced subject to this Stipulated Protective Order only for purposes of this present action.

9.      Upon termination of this action, or upon request, I will return and deliver all information, documents, or other materials produced subject to this Stipulated Protective Order, and all documents or things which I have prepared relating to the information, documents, or other materials that are subject to the Stipulated Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

10.     I hereby submit to the jurisdiction of this Court for the purposes of enforcing the Stipulated Protective Order in this action.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this ___ day of _____, 20____, at _____.

_____
QUALIFIED PERSON

1